# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **BLAIRE WOODWARD**, 14381 Chillicothe Rd. Novelty, Ohio 44072 | Civil Action No. 1:20-cv-1818 |
| **Plaintiff, on behalf of himself and all others similarly situated,** | JUDGE |
| | MAGISTRATE JUDGE |
| v. | |
| | **Jury Demand Endorsed Hereon** |
| **VANCUREN SERVICES, INC.,** 10555 Kinsman Rd. Newbury Township, Ohio 44065 | |
| and | |
| **DAVID VAN CUREN**, c/o VanCuren Services, Inc. 10555 Kinsman Rd. Newbury Township, Ohio 44065 | |
| **Defendants.** | |

## COLLECTIVE AND CLASS ACTION COMPLAINT

NOW COMES Plaintiff Blaire Woodward (referred to herein as "Plaintiff"), individually and on behalf of himself and all others similarly situated, and proffers this Complaint for damages against Defendant VanCuren Services Inc., and Defendant David Van Curen (collectively referred to herein as "Defendants").

## JURISDICTION AND VENUE

1.  This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111 ("Chapter 4111"), and the Families First Coronavirus Response Act ("FFCRA").

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e), which provide for original jurisdiction of Plaintiff's claims arising under the law of the United States and over actions to secure equitable and other relief.

3. This Court has jurisdiction over Plaintiff's claims under the statutory law of Ohio pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391 because Plaintiff entered into an employment relationship with Defendants in the Northern District of Ohio, and Defendants are doing and have done substantial business in the Northern District of Ohio.

## THE PARTIES

5. Plaintiff Blaire Woodward is an individual, a United States citizen, and a resident of the state of Ohio. Plaintiff Woodward resides in Geauga County, Ohio.

6. At all times relevant herein, Plaintiff was an "employee" of Defendants as that term is defined in the FLSA, O.R.C. Chapter 4111, and the FFCRA.

7. Defendant VanCuren Services, Inc. is a corporation for profit registered to do business in Ohio and conducts business in Geauga County in the Northern District of Ohio.

8. Defendant David Van Curen is a resident of Ohio and owns, in whole or in part, Defendant VanCuren Services, Inc. Defendant David Van Curen is responsible for VanCuren Services, Inc.'s business operations, including the creation and implementation of payroll policies and procedures.

9. Defendant VanCuren Services, Inc. is a "covered employer" as that term is defined by the FFCRA.

10. At all times relevant herein, Defendant VanCuren Services, Inc. employed less than 500 employees.

11. Defendant VanCuren Services, Inc. and David Van Curen are and have been an "employer" as that term is defined by the FLSA.

12. Defendant VanCuren Services, Inc. and David Van Curen are and have been an "employer" as defined in O.R.C. Chapter 4111.

13. At all times relevant herein, Defendants have mutually benefitted from the work performed by Plaintiff and those similarly situated.

14. At all times relevant herein, Defendant VanCuren Services, Inc. has been engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendant VanCuren Services, Inc. constituted an enterprise engaged in commerce within the meaning of the FLSA.

15. Upon information and belief, Defendants' employees were engaged in interstate commerce and Defendants have an annual gross volume sales and/or business in an amount not less than $500,000.00.

16. Plaintiff brings this action on his own behalf and on behalf of those similarly situated, and Plaintiff has given written consent to bring this action to collect unpaid overtime compensation under the FLSA. The consent is being filed along with the Complaint pursuant to 29 U.S.C. § 216(b).  (Attached as Exhibit A).

## FACTUAL BACKGROUND

17. Plaintiff Blaire Woodward began working for Defendants in or around March 2014 as an hourly Tree Care Technician. Plaintiff Woodward is still currently employed by Defendants.

18. Defendants are in the business of providing residential, commercial and utility tree services in northeast Ohio. Defendants' business offices are located in Newbury Township, Ohio.

19. Tree Care Technicians include tree climbers, crane operators, log truck operators, stump grinders, grounds crew, chain saw operators, foremen and other similar hourly paid positions. The Tree Care Technicians carry out manual services, which include trimming, pruning, removal, cabling and bracing, fertilization, and addressing storm damage.

20. Plaintiff and Tree Care Technicians fill out their own time cards.

21. Plaintiff and Tree Care Technicians are paid on an hourly basis.

22. Upon information and belief, Defendants have employed more than 50 Tree Care Technicians over the past three years.

23. Plaintiff and Tree Care Technicians consistently worked more than 40 hours in a workweek during the three years prior to filing this Complaint.

24. At all times relevant herein, Plaintiff and Tree Care Technicians have not been paid overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 in a workweek.

25. Plaintiff and Tree Care Technicians had and still have compensable time deducted by Defendants from their hours worked, as stated on their timesheets, when in fact they continued to perform substantial duties for Defendants' benefit. As a result, Plaintiff and Tree Care Technicians paychecks do not contain payment for all hours worked in a work week.

26. Due to these deductions, Plaintiff and the Tree Care Technicians lost and continue to lose approximately 2.5 hours of compensable hours, or more, per week.

27. Additionally, Plaintiff and Tree Care Technicians work on state and/or local prevailing wage jobs where they were paid a prevailing wage rate. The prevailing wage is higher than Plaintiff and Tree Care Technicians' regular hourly rate on non-prevailing wage rate jobs.

28. However, Defendants miscalculated and continue to miscalculate Plaintiff and Tree Care Technicians' regular rate of pay for purposes of determining their overtime rate by failing to properly include the prevailing wage rate.

29. Plaintiff and Tree Care Technicians' regular rate for weeks they worked on prevailing wage was not calculated using a weighted average or by the classification of work they performed during hours worked over 40 in a workweek. As a result, Plaintiff and Tree Care Technicians regular rate was less than what was required by law.

30. Plaintiff approached Defendant David Van Curen and asked why there was time deducted from the timesheets that he and Tree Care Technicians turned in.

31. Defendant Van Curen told Plaintiff that the deductions were for 15-minute breaks.

32. Defendants refused to pay Plaintiff and its other hourly employees in accordance with the law.

**Plaintiff Woodward's Need for Time Off**

33. On March 14, 2020, the Ohio Department of Health issued a Director's Order closing all Ohio schools because of the novel coronavirus ("COVID-19").

34. The Order closing schools went into effect on March 17, 2020.

35. The closures included Plaintiff Woodward's child's school.

36. At that time, no other suitable person was available to care for Plaintiff Woodward's child.

37. This created a bona fide need for Plaintiff Woodward to care for his child for two weeks in response to the school closures.

38. At that time, Defendants had work available for Plaintiff Woodward and Plaintiff Woodward would have been able to perform such work, but for his need to care for his child.

39. On or around late March 2020, Plaintiff Woodward provided notice to Defendants that he would need two weeks of leave to care for his children. Defendants granted Plaintiff Woodward's leave request on or around March 23, 2020.

40. While on this leave, Plaintiff came into contact with an individual that was later diagnosed with COVID-19.

41. Immediately after coming into contact with this individual, Plaintiff contacted his doctor. Plaintiff's doctor advised Plaintiff to quarantine at home for a period of fourteen (14) days and provided Plaintiff with a note reflecting the same.

42. In or around early April 2020, Plaintiff provided notice to Defendants that he would need two weeks of leave to quarantine at home. Defendants granted Plaintiff's leave request on or around April 5, 2020.

43. In total, Plaintiff was out of work from on or about March 23, 2020 through April 19, 2020.

44. The FFCRA required that Defendant pay Plaintiff for these leaves of absence. However, Defendants told Plaintiff that they were not required to pay Plaintiff under the regulations. As such, Defendants refused to pay Plaintiff Woodward in accordance with the FFCRA.

## COUNT I
### FLSA Collective Action, 29 U.S.C. §201, *et seq*. - Failure to Pay Overtime

45. All of the preceding paragraphs are realleged as if fully rewritten herein.

46. Plaintiff bring his FLSA claim pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of himself and all other Similarly Situated Persons ("SSPs")

of the opt-in class who worked over forty hours in any workweek but were not properly compensated under the FLSA. The class includes two subclasses:

(a) All current and former hourly paid Tree Care Technicians of Defendants who, during the past three (3) years, had time deducted from their hours worked when Defendants knew or should have known that the employees continued to perform substantial duties for their employers' benefit during that time; and

(b) All current and former hourly paid Tree Care Technicians of Defendants who, during the past three (3) years, worked on state and/or local prevailing wage jobs and received a prevailing wage rate but whose "regular rate of pay" was unlawfully calculated pursuant to the FLSA, resulting in unpaid overtime.

These individuals are referred to as the "FLSA Class".

47. Plaintiff and the FLSA Class Members were subject to the same payroll practices.

48. This action is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA. Plaintiff is representative of all SSPs and are acting on behalf of others' interests as well as his own in bringing this action.

49. These SSPs are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA.

50. In addition to the Plaintiff, numerous putative FLSA Class Members have been denied proper overtime compensation due to Defendants' company-wide refusal to pay overtime compensation and/or refusal to correctly calculate overtime compensation owed.

51. Plaintiff and the SSPs were paid on an hourly basis.

52. Plaintiff and the SSPs were non-exempt employees.

53. Plaintiff and the SSPs frequently worked more than 40 hours per week.

54. Defendants refused to pay overtime pay to Plaintiff and the SSPs.

55. Plaintiff and the SSPs were not paid the correct overtime premium for all hours worked in excess of 40 in each workweek.

56. Defendants were aware that Plaintiff and the SSPs regularly worked more than 40 hours per workweek, but were not receiving overtime compensation at a rate of one and one-half times their regular rate of pay for hours worked in excess of 40 per week.

57. Defendants' violation of the FLSA was willful, as Defendants knew or demonstrated reckless disregard as to whether they were required to pay Plaintiff and the SSPs at an overtime premium for all hours worked in a workweek in excess of 40.

58. Accordingly, Plaintiff and the SSPs were forced to work more than 40 hours per week without proper overtime compensation. As a result, Plaintiff and the SSPs have been damaged.

## COUNT II
### Class Action, Fed. R. Civ. P. 23; OMFWSA R.C. 4111, *et seq*. - Failure to Pay Overtime

59. All of the preceding paragraphs are realleged as if fully rewritten herein.

60. Plaintiff brings this Ohio Minimum Fair Wage Standards Act ("OMFWSA") claim pursuant to Fed. R. Civ. P. 23 as a class action on behalf of himself and all other members of the following "Rule 23 Class":

> All hourly employees, currently or formerly employed by Defendants, who worked over 40 hours in any workweek and who have not been paid in accordance with the provisions of the MFWSA as a result of Defendants' policies, including, but not limited to, those who have been damaged by Defendants' failure to pay overtime wages. The Rule 23 Class includes:
>
> (a) any employee of Defendants during the prior 2 years who worked over 40 hours in any workweek and had timers subtracted from his/her compensable

hours listed on his/her time sheets when Defendants knew that the employees continued to perform substantial duties for their employers' benefit during the times listed on the time sheets, and (b) any employee of Defendants during the prior 2 years whose overtime rate of pay was calculated in violation of the MFWSA.

61. Plaintiff and the other Rule 23 Class members were not paid an overtime premium for all hours worked in a workweek in excess of 40.

62. The Rule 23 Class, as defined above, is so numerous such that joinder of all members is impracticable. The Rule 23 Class consists of more than 50 current and former hourly employees who have not been paid an overtime premium for all hours worked in a workweek in excess of 40.

63. Plaintiff is a member of the Rule 23 Class and his claim for unpaid overtime wages is typical of the claims of other members of the Class.

64. Plaintiff will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

65. Plaintiff has no interest antagonistic to or in conflict with interests of the Class that he is undertaking to represent.

66. Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the Rule 23 Class.

67. Questions of law and fact are common to the class, including:

   a. Whether Defendants violated the OMFWSA by failing to compensate, at an overtime premium, hourly employees for all hours worked in a workweek in excess of 40, including due to deductions during the workweek during which the employee performed substantial duties the employers' benefit;

b. Whether the deductions regarded a time when the employee was relieved of his/her duties and permitted to take an uninterrupted break or instead a time when the employee was required to and did performed substantial duties for his/her employer;

c. Whether Defendants established its payroll policy, knowing the policy violated the law and failed to properly compensate hourly employees for all hours worked in a workweek in excess of 40 at an overtime premium;

d. Whether Defendants kept accurate records of the amount of time the Rule 23 Class was working each day;

e. Whether Defendants calculated the Rule 23 Class's overtime rate of pay as required by the statute;

f. Whether Defendants' violations were knowing and willful;

g. What amount of unpaid overtime compensation is owed to Plaintiff and the other members of the Rule 23 Class as a result of Defendants' violation of the OMFWSA; and

h. What amount of prejudgment interest is due to the Rule 23 Class members on their unpaid overtime compensation, which was unlawfully withheld.

68. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to its unpaid employees.

69. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendants acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the Rule 23 Class as a whole.

70. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law or fact common to class members predominate over any questions affecting only individual members.

71. A class action is superior to individual actions for the fair and efficient adjudication of Plaintiff's claim and will prevent undue financial, administrative and procedural burdens on the parties and the Court.  Plaintiff and his counsel are not aware of any pending litigation on behalf of any the Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendants to vindicate their rights. In addition, individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their unpaid employees.  Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

72. For Defendants' violation of O.R.C. 4111, Plaintiff and The Rule 23 Class are entitled to recover unpaid wages, an amount equal to the unpaid wages as liquidated damages, attorneys' fees and costs, and all other remedies available under Ohio law.

## COUNT III
**Families First Coronavirus Response Act, ("FFCRA")**
**(On Behalf of Plaintiff Woodward Only)**

73. All of the preceding paragraphs are realleged as if fully rewritten.

74. Plaintiff Woodward exercised his rights under the FFCRA when he gave notice to Defendants that he needed FFCRA-qualifying leave.

75. Defendants interfered with Plaintiff Woodward's FFCRA rights by failing to compensate Plaintiff Woodward at two-thirds of his regular rate of pay for his FFCRA-qualifying leave related to his child being out of school.

76. Defendants interfered with Plaintiff Woodward's FFCRA rights by failing to compensate Plaintiff Woodward at his regular rate of pay for his FFCRA-qualifying leave related to his doctor's order to self-quarantine.

77. Plaintiff's leave would not cause Defendants' expenses and financial obligations to exceed available business revenue and cause Defendants to cease operating at a minimal capacity.

78. Plaintiff's absence would not pose a substantial risk to the financial health or operational capacity of Defendants because of Plaintiff's specialized skills, knowledge of the business, or responsibilities.

79. Defendants were capable of finding enough other workers who are able, willing, and qualified, and who were available at the time and place needed, to perform the labor or services Plaintiff provided, and Plaintiff's labor or services were not needed for Defendants to operate at a minimal capacity.

80. Defendants lacked good faith and/or reasonable grounds to believe it had not violated the FFCRA in its actions taken against Plaintiff.

81. Defendants' violations of the FFCRA entitles Plaintiff, pursuant to 29 U.S.C. § 216 and 217, to monetary damages, which include unpaid wages, an amount equal to the unpaid wages as statutory liquidated damages, and attorneys' fees and costs of bringing this litigation, in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff is entitled to and prays for the following relief:

A. As to Count I, certification as a collective action to all SSPs and appointment of Plaintiff and his counsel to represent the FLSA Class; enter an order directing Defendants to pay into a common fund for the benefit of Plaintiff and all other members of the FLSA Class the total amount of damages to which Plaintiff and the class are entitled, including unpaid wages, unpaid overtime, liquidated damages, pre-judgment and post-judgment interest, costs and expenses of the litigation and administration of the common fund, and attorney's fees; injunctive relief for Defendants to cease violations of the FLSA; and such other or additional relief deemed appropriate by the Court and available under the FLSA in an amount greater than $100,000.

B. As to Count II, enter an order certifying that this action may be maintained as a class action pursuant to Fed. R. Civ. P. 23 and designating the Plaintiff as a Rule 23 Class Representative, enter an order directing Defendants to pay into a common fund for the benefit of Plaintiff and all other members of the Rule 23 Class the total amount of damages to which Plaintiff and the Rule 23 Class are entitled, including unpaid wages, unpaid overtime, liquidated damages, pre-judgment and post-judgment interest, costs of the litigation and administration of the common fund, and attorneys' fees, injunctive relief for Defendants to cease violations of the Ohio Minimum Fair Wage Standards Act, and such other or additional relief deemed appropriate by the Court.

C. As to Count III, unpaid wages and benefits, statutory liquidated damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, in an amount

to be determined at trial, and such other or additional relief deemed appropriate by the Court.

D. Such other legal and equitable relief as this Court deems appropriate, but in any event not less than $100,000.00.

> Respectfully submitted,
>
> /s/ *Kyle T. Anderson*
> Greg R. Mansell (0085197)
> (Greg@MansellLawLLC.com*)*
> Carrie J. Dyer (0090539)
> (Carrie@MansellLawLLC.com)
> Kyle T. Anderson (0097806)
> (Kyle@MansellLawLLC.com
> **Mansell Law, LLC**
> 1457 S. High St.
> Columbus, OH 43207
> Ph: 614-610-4134
> Fax: 614-547-3614
> *Counsel for Plaintiff*

## **JURY DEMAND**

Plaintiffs hereby requests a jury of at least eight (8) person

> /s/ *Kyle T. Anderson*
> Kyle T. Anderson (0097806)